**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROGELIO CRUZ, JR.,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| | § | |
| **WILLIAMSON COUNTY TEXAS, et al.,** | § | **A-26-CV-189-RP-ML** |
| **Defendants.** | § | |
| | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 8). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

## I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff's Application to Proceed In Forma Pauperis was originally filed in the Northern District of New York. Dkt. 8. As such, it was not filed using the Austin Division's preferred form. But, the court notes that Plaintiff was granted IFP status in a recent, earlier case. *See Cruz v. Williamson County, Texas*, 1:25-CV-1377-RP, Dkt. 21. Accordingly, the court has reviewed Plaintiff's application and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma*

1

*pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed without prejudice under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.    REVIEW OF THE MERITS OF THE CLAIM

### A.    Factual Background

This is one of several cases Plaintiff has pending in the Western District of Texas. *See Cruz v. Williamson County, Texas*, 1:25-cv-01377-RP (filed here); *Cruz v. United States Department of Agriculture*, 1:26-cv-00188-DAE-DH (originally filed in N.D.N.Y.); *Cruz v. United States District Court for the Western District of Texas*, 1:26-cv-00304-DAE (originally filed in N.D.N.Y.); *Cruz v. Western District of Texas*, 1:26-cv-00437-RP (originally filed in N.D. Tex.). In addition, Plaintiff has filed lawsuits in the District of Columbia, Southern District of New York, and Northern District of California. *See* 1:26-cv-00437-RP, Dkt. 1 at 4.

This case was originally filed in the Northern District of New York, and the court there transferred the case *sua sponte* to this District. Dkt. 11.

**B.     Standard of Review**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint.  Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972).  However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**C.     Discussion**

Cruz brings this suit against Williamson County, Texas and the Williamson County Sheriff's Office relating to a traffic stop; against members of the Western District's and District of Columbia's Clerk's Offices and the Administrative Office of the United States Courts relating to his electronic filing access; against the USDA and several employees relating to loan applications; against American Express, its CEO and Executive for Consumer Relations, Navy

3

Federal Credit Union, and Frost Bank and its Executive Vice President (collectively, the "Financial Defendants") relating to debt, a loan, and certain requests for accommodations; and against Does 1-50. Cruz purports to assert various federal claims against Defendants, including constitutional violations, Americans with Disabilities Act claims, and Rehabilitation Act claims. Dkt. 1. In the Complaint, Cruz purports to answer questions posed to him in 1:25-CV-1377-RP. Dkt. 1 at 2 (referring to 1:25-CV-1377-RP, Dkt. 25 at 2-3).

This case is duplicative of claims Cruz has asserted in earlier filed cases. In *Cruz v. Williamson County, Texas*, 1:25-cv-01377-RP, Cruz asserts his claims relating to the traffic stop at issue here. In *Cruz v. United States Department of Agriculture*, 1:26-cv-00188-DAE-DH, Cruz asserts his claims against the USDA, the Financial Defendants, and the Western District of Texas. Accordingly, Cruz already has a forum for these claims. Attempting to pursue the same claims in multiple cases is confusing to the parties and wastes judicial resources.

Finally, this is not the proper forum to assert claims against the District of Columbia's Clerk's Office or the Administrative Office of the United States Courts.

As such, the undersigned recommends this case be dismissed without prejudice.

### III.      ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 9). The Magistrate Judge **RECOMMENDS** the District Judge **DISMISS WITHOUT PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

### IV.      WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

4

being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED April 14, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

5